IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALBARO COLQUE**<br>6830 Custis Parkway<br>Falls Church, VA 22042 | )<br>)<br>)<br>) |
| **SANDRO PEREZ**<br>3056 Hazelton Street<br>Falls Church, VA 22044 | )<br>)<br>)<br>) |
| **CECILIA FLORES ANDIA**<br>3133 Creswell Drive<br>Falls Church, VA 22044 | )<br>)<br>)<br>) |
| **RENE FERNANDO MOYA**<br>4309 Americana Drive, Apt. 204<br>Annandale, VA 22003 | )<br>)<br>)<br>) |
| **PABLO VEGA PANOZO**<br>3183 Creswell Drive<br>Falls Church, VA 22044 | )<br>)<br>)<br>) |
| **RUVI GALICIA**<br>5102 S. 7th Rd., Apt. 8<br>Arlington, VA 22220 | )<br>)<br>)<br>)<br>) |
| Plaintiffs, on behalf of themselves and all<br>similarly situated individuals | )<br>)<br>) |
| v. | )<br>) |
| **WHITING-TURNER CONTRACTING CO.**<br>300 East Joppa Road<br>Towson, MD  21286 | )<br>)<br>)<br>) |
| <u>Serve:</u><br>CT Corporation System<br>1015 15th Street NW<br>Washington, DC 20005 | )<br>)<br>) Civil Action<br>)<br>) Jury Trial Demanded |
| **COMMERCIAL INTERIORS, INC.**<br>7464 New Ridge Road, Suite 5<br>Hanover, MD 21076 | )<br>)<br>)<br>) |

Serve:                                              )
  Ramsay M. Whitworth, Esq.                         )
  c/o Silverman, Thompson, Slutkin & White          )
  26th Floor                                        )
  201 North Charles Street                          )
  Baltimore, MD 21201                               )
                                                    )
AJ & G CONSTRUCTION LLC                             )
10969 Trotting Ridge Way                            )
Columbia, MD 21044                                  )
                                                    )
  Serve:                                            )
  Ana E. Valles                                     )
  10969 Trotting Ridge Way                          )
  Columbia, MD 21044                                )
                                                    )
  Defendants.                                       )
_____           )

1. Defendant general contractor Whiting-Turner Contracting Company, ("Whiting-Turner")

   subcontracted with Defendant Commercial Interiors, Inc. ("Commercial Interiors"), to perform

   carpentry work at a Grand Hyatt hotel construction project ("project") taking place at the 2121

   M. St., NW , Washington, D.C. Commercial Interiors  hired Defendant AJ&G Construction,

   LLC, ("AJ&G") to recruit carpenters for the project.  The named plaintiffs and similarly situated

   individuals are carpenters who were recruited by AJ&G to perform work for Commercial

   Interiors on the project in or around September, 2015.

2. The named plaintiffs and similarly situated individuals worked approximately forty-eight (48)

   hours per week and did not receive an overtime premium for the approximately eight hours per

   week worked over forty (40) hours. In addition, the named plaintiffs and similarly situated

   individuals were not paid at all for certain weeks.

3. Plaintiffs, on behalf of themselves and similarly situated individuals, bring this action to recover

   damages for defendants' willful failure to pay wages.

4. Plaintiffs, on behalf of themselves and similarly situated individuals, assert claims under:

   a) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq*. b) the District of

Columbia Minimum Wage Act Revision Act  ("DCMWRA"), D.C. Code §§32-1301 *et seq.*, D.C. Code §§ 32-1001 *et seq.*; c) the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code §§ 32-1301 *et seq.*;  (d) and the DC Wage Theft Prevention Amendment Act ("DCWTPAA"), D.C. Code §§ 32-1001-15, 32-1301-11; and (e) the DC Workplace Fraud Act, ("Workplace Fraud Act") D.C. Code 32-1331.01-15.

5.  Plaintiffs, on behalf of themselves and all similarly situated individuals, bring their FLSA and DCMWRA claims as a "collective action" pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1012(b), and their DCWPCL and DCWTPAA claims as a traditional class action pursuant to Fed. R. Civ. P. 23.

## Jurisdiction and Venue

6.  Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216(b) (FLSA jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

7.  Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to plaintiffs' claims occurred in this district.

## Parties

8.  Plaintiff Albaro Colque  is an adult resident of Falls Church, Virginia, residing at the address in the caption above.

9.  Plaintiff Sandro Perez is an adult resident of Falls Church, Virginia, residing at the address in the caption above.

10. Plaintiff Cecilia Flores Andia is an adult resident of Falls Church, Virginia, residing at the address in the caption above.

11. Plaintiff Rene Fernando Moya is an adult resident of Annandale, Virginia, residing at the

address in the caption above.

12. Plaintiff Pablo Vega Panoza is an adult resident of Falls Church, Virginia, residing at the
    address in the caption above.

13. Plaintiff Ruvi Galicia is an adult resident of Arlington, Virginia, residing at the address in
    the caption above.

14. Defendant Whiting-Turner is a construction management and general contracting firm
    providing the full spectrum of construction services in the metropolitan Washington, D.C.
    area and nationally. Its principal place of business is located at 300 East Joppa Road,
    Towson, Maryland.

15. Whiting-Turner's registered agent for service of process is CT Corporation System, at
    1015 15th Street NW, Washington, D.C.

16. Defendant Commercial Interiors, Inc. is an acoustical drywall, plastering and lathing
    contractor providing services in the metropolitan Washington, D.C. area and its principal
    place of business is located at 7464 New Ridge Rd. Ste 5, Hanover, Maryland.

17. The registered agent for Defendant Commercial Interiors is Ramsay M. Whitworth, Esq.,
    201 North Charles Street, 26th floor, Baltimore, Maryland.

18. Defendant AJ&G Construction, LLC, is by information and belief an unlicensed labor
    broker or recruiter,

19. The registered agent for Defendant AJ&G is Ana E. Valles, 10969 Trotting Ridge Way,
    Columbia, Maryland.

20. At all relevant times, each defendant employed at least two people.

21. By information and belief, at all relevant times, each defendant had an annual dollar
    volume of sales or business done of at least $500,000.

22**.** At all relevant times, plaintiffs and similarly situated individuals were engaged in commerce or in the production of goods for commerce.

23**.** At all relevant times, and with respect to plaintiffs and similarly situated individuals, defendant Commercial Interiors and AJ&G had and exercised both actual and apparent authority to hire and fire, direct and supervise work, and bind and set wage and hour policies.

24. At all relevant times, defendants were employers of plaintiffs and similarly situated individuals within the meaning of 29 U.S.C. § 203 (d) (FLSA), D.C. Code § 32 – 1002(3) (DCMWRA), D.C. Code § 32-130(1) (DCWPCL), DC Code §§ 32-1001-15, 32-1301-11(DCWTPAA), and DC Code §§32-1331.01-15.

25. At all relevant times, plaintiff and similarly situated individuals were non-exempt employees of defendants within the meaning of 29 U.S.C. § 203(g) (FLSA), D.C. Code § 32-1002(1)–(2) (DCMWRA), D.C. Code § 32-1301(2) (DCWPCL),  D.C. Code §§32-1001-15, 32-1301-11 (DCWTPAA), D.C. Code §§32-1331.01-15 (Workplace Fraud Act).

26. At all relevant times, defendants Commercial Interiors and AJ&G were joint employers of plaintiff and similarly situated individuals, and defendant Whiting-Turner was the general contractor for the Hyatt Hotel construction project where the plaintiffs and similarly situated individuals performed work.

**Factual Allegations**

27. Plaintiffs and similarly situated individuals worked as non-exempt employees for defendants at a Hyatt Hotel construction project ("the project") located at the 2121 M St., N.W., Washington, D.C.

28. The project involved construction of the hotel including carpentry, drywall and finishing work performed by the plaintiffs and similarly situated individuals.

29. The general contractor for the project is Whiting-Turner Contracting Company, Inc.

30. The plaintiffs and similarly situated individuals were recruited to work for Commercial Interiors as carpenters in the project by Guido Torico, one of the owners of AJ&G, a labor broker or recruiter.

31. Guido Torico told plaintiffs that they would be paid between nineteen (19) and thirteen (13) dollars per hour as carpenters or carpenters' helpers.

32. Supervisors on the project were Jorge [last name unknown], an employee of AJ&G, and Humberto [last name unknown], an employee of Commercial Interiors. Humberto was present on the jobsite directing the work of the plaintiffs and of Jorge, telling the plaintiffs and similarly situated individuals how to perform their work, correcting them when he wanted to change something they had done, and telling them when to report to work, when to take breaks, and when to leave.  Humberto had the power to hire, fire, discipline and control the plaintiffs and similarly situated individuals.

33. The plaintiffs and similarly situated individuals began work at the project on or about September 14, 2015.  They typically worked eight hours a day, Monday through Saturday, totaling forty-eight (48) hours per week.

34. The plaintiffs and similarly situated individuals performed framing and drywall work.

35. The equipment and tools, other than hand tools, used by Plaintiffs and similarly situated individuals were provided by Commercial Interiors.

36. The plaintiffs and other similarly situated individuals signed a time sheet provided by AJ&G.

37. By information and belief, defendants did not maintain true and accurate records of each hour, day and week worked by plaintiff and similarly situated individuals, as required by the FLSA, DCMWRA, or the regulations promulgated by these laws.

38. In addition to the named Plaintiff, there are approximately twenty-five (25) to thirty (30) other similarly situated individuals performing the same work with the same pay scheme.

39. Plaintiff Alvaro Colque worked as a non-exempt carpenter on the Hyatt Hotel project from approximately 7:00 a.m. to approximately 3:30 p.m. Monday through Saturday from on or around September 14, 2015 to on or around January 20, 2016.  His rate of pay was nineteen (19) dollars an hour.  He should have received $988.00 per week typically.

40. Plaintiff Alvaro Colque was paid straight time of $19 an hour for hours worked from on or around September 14, 2015 to on or around January 2, 2016. He did not receive an overtime premium for the approximately eight (8) hours he worked over forty (40) in each of these approximately eighteen (18) workweeks. He was paid $912.00 per week at most. During the week of December 28, 2015, he was paid only $700.00.

41. Plaintiff Alvaro Colque was not paid anything for his work performed during the weeks of January 4, 2016, January 11, 2016, and January 18, 2016.  When he complained that he was not being paid, he was terminated in retaliation on or about January 19, 2016.

42. Plaintiff Sandro Perez worked as a non-exempt carpenter on the Hyatt Hotel project from on or around September 27, 2015 to on or around December 19, 2015. He worked from approximately 7:00 a.m. to approximately 3:30 p.m. Monday through Saturday.  His rate of pay was nineteen (19) dollars an hour.

43.  Plaintiff Perez was paid straight time of nineteen (19) dollars per hour for the approximately forthy-eight (48) hours he worked each week. He did not receive an

overtime premium for the hours worked over forty (40) in each workweek. He was paid at most $912.00 per week, rather than the $988.00 he was owed.

44.  Plaintiff Perez was not paid at all for twelve (12) days of work during the weeks on or around December 7 and December 14, 2015. He quit the job on or around December 19, 2015.

45. Plaintiff Rene Fernando Moya worked as a non-exempt carpenter from on or around November 9, 2015 until on or around January 16, 2016.  He typically worked forty-eight (48) hours per week.  His rate of pay was $18.50 per hour.

46. Plaintiff Moya was paid straight time of $18.50 per hour for the forty-eight (48) hours he worked between November 9, 2015 and January 16, 2016.  He did not receive an overtime premium for the hours he worked over forty (40) in each workweek.

47. Plaintiff Moya did not receive any pay for the weeks December 21, 2015, through January 16, 2016.

48.  Plaintiff Cecilia Flores Andia worked as a carpenter's helper from on or around November 9, 2015 to on or around December 9, 2016. She worked approximately forty-eight (48) hours per week. Her hourly rate of pay was $13 an hour.

49. Plaintiff Cecilia Flores Andia was paid straight time wages of $13 an hour for hours worked from on or around November 9, 2015 to on or around December 9, 2015. She did not receive an overtime premium for hours worked over forty hours.

50. Plaintiff Cecilia Flores Andia received no pay for the week of November 30, 2015 because her paycheck was returned for insufficient funds.

51. Plaintiff Pablo Vega Panozo worked as a carpenter from on or around November 16, 2015 to on or around December 5, 2015. He worked approximately forty-eight (48) hours

per week. His hourly rate of pay was $19.00.

52. Plaintiff Pablo Vega Panozo was paid straight time wages of $19.00 for hours worked from on or around November 16, 2015 to on or around November 19, 2015. He did not receive an overtime premium for hours worked over forty (40) in each workweek.

53. Plaintiff Pablo Vega Panozo received no pay for the weeks commencing November 21, 2015 and November 28, 2015.

54. Plaintiff Ruvi Galicia worked as a carpenter's helper during the week of January 4, 2016 through January 9, 2016. She worked approximately forty-eight (48) hours that week. Her hourly rate of pay was $13.00.

55.  Plaintiff Ruvi Galicia did not get paid at all for the week of January 4 through January 9, 2016. .

56. When the plaintiffs were paid, it was by check with no required withholdings. The Plaintiffs were provided IRS form 1099s rather than W-4s.  The defendants mis-classified them as independent contractors.


## Collective Action Allegations

57.  This action is maintainable as an opt-in collective action pursuant to the FLSA, 29 U.S.C. 216(b) and the DCMWRA, D.C. Code §32-1012.

58. The plaintiffs bring their FLSA and DCMWRA claims on their own behalf and on behalf of all past and present non-exempt employees of defendants who, while working on the hotel project, were not paid for all hours worked and were not paid one and one-half times their regular rate of pay for those hours worked in excess of forty in any one workweek.

59**.** On information and belief, there are approximately twenty-five (25) to thirty (30) past and present non-exempt employees of defendants who are similarly situated to the plaintiffs in that they were carpenters or carpenters' helpers who were not paid wages or overtime premium on the project.

60**.** Pursuant to 29. U.S.C. §216(b), plaintiffs have consented in writing to be plaintiffs in this action. Their consent forms will be filed in a separate docket entry.

<u>**Class Action Allegations**</u>

61. This action is maintainable as an "opt-out" class action pursuant to D.C. Code § 32-1308 and Federal Rule of Civil Procedure 23.

62. Plaintiffs bring their DCWPL and DCWFA claims on their own behalf, and on behalf of all past and present non-exempt employees of defendants who, while working on the project, (1) were not promptly paid at least minimum wages and (2) were not promptly paid one and one-half times their regular rate of pay for those hours worked in excess of forty in any one workweek.

63. On information and belief, there are approximately twenty-five to thirty  past and present employees of defendants who are similarly situated to plaintiffs in that they were carpenters or carpenters' helpers working on the project who were not promptly paid at least minimum wage for all hours worked and were not paid overtime.

<u>**COUNT I**</u>

**FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA**

64. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

65. The FLSA requires employers to pay non-exempt employees at least the minimum wage for all hours worked, and an overtime premium of one and one half times their regular

hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. §207(a)(1).

66. Defendants violated the FLSA by knowingly failing to pay plaintiffs and similarly situated individuals for all hours worked and one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek.

67. Defendants' violations of the FLSA were willful.

68. For their willful violations of the FLSA, defendants are liable to the plaintiff and similarly situated individuals for unpaid wages, unpaid overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

<u>COUNT II</u>

FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWRA

69. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

70. The DCMWRA requires employers to pay non-exempt employees for all hours worked and one and one-half times their regular hourly.

71. Defendants violated the DCMWRA by knowingly failing to pay plaintiffs and similarly situated individuals their promised wages for all hours worked and one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek.

72. Defendants' violations of the DCMWRA were willful.

73. For their violations of the DCMWRA, defendants are liable to plaintiffs and similarly situated individuals for unpaid wages and unpaid overtime compensation, and an equal

amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III

### FAILURE TO PAY WAGES UNDER THE DCWPCL

74. Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

75. The DCWPCL requires an employer to promptly pay employees all wages due. D.C. Code § 32-1302–3.89. For purposes of the DCWPCL, "wages" include, among other things: "[o]vertime premium" D.C Code § 32-1301(3)(C);

a. "remuneration promised or owed...pursuant to a contract between an employer and another person or entity" D.C Code § 32-1301(3)(E)(ii); and

b. "remuneration promised or owed...pursuant to District of federal law" D.C Code § 32-1301(3)(E)(iii).

76. Defendants violated the DCWPCL by knowingly failing to pay plaintiff and similarly situated individuals all wages earned, including the overtime premium and promised wages for all hours worked.

77. Defendants' violations of the DCWPCL were willful.

78. For their violations of the DCWPCL, defendants are liable to plaintiffs and similarly situated individuals for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT IV

### FAILURE TO PAY WAGES UNDER THE DC WAGE THEFT PREVENTION AMENDMENT ACT

79.  Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

80.  The DC Wage Theft Prevention Amendment Act D.C. Code §§ 32-1001-15, 32-1301-11 states that the general contractor and subcontractor are jointly and severally liable for violations of the DCMWRA.

81.  The Defendant Whiting-Turner is liable as general contractor for the wage payment violations of Commercial Interiors and AJ&G.

82.  Under the DCWTPAA, Defendants are liable to plaintiffs and similarly situated individuals for the amount of any lost wages and benefits, plus an amount equal to three times the lost wages or benefits as liquidated damages, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT V

### VIOLATION OF THE D.C. WORKPLACE FRAUD ACT

83.  Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

84.  The D.C. Workplace Fraud Act, DC Code §§32-1331.01-15, states that an employer shall not improperly classify an individual who performs construction services for an employer as an independent contractor.

85.  Under the D.C. Workplace Fraud Act, an individual whose rights have been violated is entitled to collect compensatory damages and an amount up to $500 for each violation.

## COUNT VI

### RETALIATORY DISCHARGE

86.  Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

87.  The Fair Labor Standards Act, 29 U.S.C. 215 (a)(3) and the D.C. Wage Theft Prevention Act Amendment Act, 3-1001-15, 32-1301-11, prohibit retaliation against employees who

assert their rights to be paid according to the law.

88. Plaintiff Albaro Colque is entitled to front pay plus treble damages commencing on the date of his retaliatory discharge.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that the Court enter judgment against all Defendants on all counts, jointly and severally, and grant the following relief:

a.  Award plaintiffs and similarly situated individuals:

    i.  unpaid wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C § 216;

    ii.  unpaid wages, plus an equal amount as liquidated damages, pursuant to the DCMWRA, DC Code § 32-1012;

    iii.  unpaid wages plus an amount equal to three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    iv.  unpaid wages plus an amount equal to three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWTPAA, D.C. Code §§32-1001-15, 32-1301-11.

    v.  $500 per week for violation of the D.C. Workplace Fraud Act,  D.C. Code §§32-1331.01-15.

b.  Award the plaintiffs reasonable attorneys' fees and expenses incurred in the prosecution of this action;

c.  Award plaintiffs court costs;

d.  Award plaintiffs prejudgment and post-judgment interest as permitted by law; and

e.   Award any additional relief the Court deems just.

Dated: April 5, 2016                              Respectfully submitted,

/s/Virginia R. Diamond
Virginia R. Diamond, DC Bar #393934
Ashcraft & Gerel, LLP
Suite 650, 4900 Seminary Rd.
Alexandria, VA 22311
Phone: (703)627-5510
Fax: (703)820-0630
Email: vdiamond@ashcraftlaw.com
*Counsel for Plaintiff*

Rebekah Miller, DC Bar #462388
Benjamin Douglas, DC Bar #1001439
Ashcraft & Gerel, LLP
2000 L. Street, N.W. Suite 400
Washington, DC 20036
*Counsels for Plaintiff*